I do not agree with the majority's reasoning in assignment of error II. The majority says ". . . we are persuaded the jury likely would have found appellant guilty of the offense charged without the aforementioned witness responses . . ." yet the majority finds the responses undermine appellant's right to a fair trial.
Appellant did not move in limine to prevent introduction of this evidence. In State v. Zuern (1987), 32 Ohio St.3d 56, the Ohio Supreme Court reviewed similar testimony of prior bad acts in a capital case, and found a jury is capable of acting impartially in spite of learning potentially prejudicial facts. Furthermore:
 Even assuming that error may appear, the United States Supreme Court has stated that whenever the other untainted evidence is overwhelmingly in support of a conviction, then the effect of the tainted material is presumed harmless. Harrington v. California (1969), 395 U.S. 250, 254. Such a rule is applicable even to errors of constitutional dimension, United States v. Hastings
(1983), 461 U.S. 499, 508.
 Zuern, supra at 60.
I agree with the majority the jury would have found appellant guilty even without the statements. This means we must affirm the trial court's judgment.
I would overrule the second assignment of error and affirm the conviction.
JUDGE W. SCOTT, GWIN.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed in part; reversed in part; and remanded back to the court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.